AIMINTA MARINA MARTÍNEZ, Plaintiff and Appellant, *v.* CENTRAL COLOSO, INC., Defendant and Appellee.

No. 4799. Argued May 21, 1929.—Decided July 26, 1929.

*López de Tord & Zayas Pizarro,* for appellant.  *García Méndez & García Méndez,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for unlawful detainer. The plaintiff, who is the owner of two properties, leased them to the defendant at a rental of $4,500 annually to be paid in quarterly instalments in advance. She alleged in her complaint that the quarterly instalment which had become due on June 1, 1928, had not been paid by the defendant "notwithstanding the demands for payment made upon the defendant by the plaintiff."

A first appearance was held. On the second the case went to trial, and the court finally rendered judgment for the defendant. The following is transcribed from the statement of the case and opinion delivered by the court in support of 'its judgment:

"It appears from a reading of the lease indenture that there was no covenant in regard to the place of payment of the rent instalment and consequently such payment had to be made at the domicile of the defendant, which is and was the city of San Juan as appears from the deed itself and from the pleadings of the parties, since such cases are governed by section 1139 of the Civil Code, which reads as follows:

" 'Payments shall be made at the place designated in the obligation. Should it not have been designated, and when a determined thing is to be delivered, the payment shall be made at the place where the thing existed at the time of constituting the obligation. In any other case the place of payment shall be that of the domicile of the debtor.'

"However, according to the allegations of the answer, not only the payment must be made at San Juan, but it was also agreed that before the payment was effected it must be requested, and it was customarily requested.

"The evidence shows that after the first year, when the payments were made in advance, all other rent instalments up to that corresponding to the quarter from March to May, 1927, were always effected in response to a demand from the plaintiff, with the exception of the instalment for the quarter from September to October, 1925, in regard to which no evidence of a demand was introduced. The demand was always made in these cases by letter, except as to the quarterly instalment from June to August, 1925, when the demand was by telegraph; and, with the exception of the payment of the quarterly instalment from March to May, 1925, which was effected on the presentation of a draft payable to the order of the American Colonial Bank, all other payments were made by checks on the Banco Territorial y Agrícola de Puerto Rico, San Juan office, issued in San Juan to be charged against the Central Coloso, Inc., domiciled in San Juan. The payment for the instalments from June, 1927, to May, 1928, was made in advance by special agreement of the parties and was effected by means of checks drawn against the said Banco Territorial San Juan office, and issued in San Juan to be charged against Central Coloso, Inc.

"The only step taken by plaintiff to demand the rent instalment involved herein consisted, as testified to by Romaguera Roura (father of the plaintiff's husband), in a telephone call made on June 2, 1928, on Rafael Martínez Domínguez; but as the latter was absent, Romaguera says that he talked with Comas, assistant treasurer of the defendant central, whom he requested to remit the said rent instalment but who failed to remit it notwithstanding his promise to do so. Six days later, to wit, on June 8, 1928, the complaint in unlawful detainer was filed.

"The defendant admits that on June 2, 1928, Romaguera Roura called up by telephone from Ponce and Comas answered the call, in the absence of Martínez Domínguez, but it alleges that Romaguera

said that he would communicate directly with Martínez but did not tell Comas or anybody else what the purpose of his call was. Comas testified that he acts as assistant treasurer of Central Coloso, Inc., only in the absence of Martínez Domínguez from the Island of Porto Rico, and evidence was also offered showing that the latter official had not been absent from the Island during May and June, 1928. The above facts were, in addition, corroborated by other evidence.

"Evidence was also introduced, consisting of the testimony of Martínez Domínguez and Arsenio Martínez—the latter is the person who appeared in the lease contract as plaintiff's attorney-in-fact—who testified that it had been agreed that the payment of the rent instalments would be made by the defendant on demand, or personally in the office of defendant at San Juan.

"Upon the above statement of facts the court holds that as the place of payment was the city of San Juan, it was a prerequisite that plaintiff should demand of defendant the payment of the rent instalment involved herein.

"It should be stated that the court regards as strange the unusual manner in which, as alleged by the plaintiff, the demand for payment of the last accrued instalment was made—on the eve of the institution of the dispossession proceedings and notwithstanding the pre-established custom as to the manner of requesting payment.

"The court finds that, notwithstanding the obligation herein on the part of the lessor to demand and receive payment of the rent instalments in San Juan—under the mandate of the law and, in addition, pursuant to the verbal agreement between the lessee and plaintiff's attorney-in-fact, whom the court considers a most important witness because of his capacity as attorney-in-fact, and his appearance in the contract—the practice followed by the lessee of forwarding the checks for the amount of the instalments from its office in San Juan to Mayagüez, where the lessor resided, involves, besides the performance of what was expressly agreed, a convenience for the benefit of the plaintiff-lessor, and it ill befits the latter to utilize that convenience as ground for an action against the defendant lessee, such as has been brought herein.

"The testimony of the witnesses for defendant, showing the agreement made between Martínez Domínguez and Arsenio Martínez, is entitled to be fully credited by the court.

"According to the contract, the obligation of payment must be performed at the domicile of the lessee, Central Coloso, Inc., in San Juan. The lessee is bound to pay, and if the lessor wished to be

paid punctually and without any difficulty, she should have authorized somebody to receive in her name the payment at the domicile of the defendant corporation; or she could have demanded payment, as was customary and agreed upon, thus giving the defendant an opportunity to effect payment. As this has not been done, it can not be said that defendant has failed to comply with the requirement as to payment. Sections 1139 and 1477 of the Revised Civil Code.

"In view of the foregoing facts, and after the jurisprudence laid down by the U. S. Circuit Court of Appeals for the First Circuit, (259 Fed.. Rep. 196), reversing the judgment in *López* v. *Vannina,* 26 P.R.R. 552, and likewise after the decision in *Almodovar et al* v. *Santa Isabel Sugar Co.,* 28 P.R.R. 550, it can not be validly contended that the lease contract should be held to be terminated on the ground of breach by the lessee of the covenant relating to payment of the rent and that, consequently, the dispossession of the said lessee from the leased properties should be decreed."

From that judgment the plaintiff has appealed to this court, and she assigns five errors in her brief.

The first and second errors are argued together. It is contended in the first assignment that the court erred in not permitting plaintiff to amend her complaint "by adding to the third averment, after the word 'rent', the words 'AND THAT BY AGREEMENT BETWEEN THE PARTIES AND THE CUSTOM ESTABLISHED BETWEEN PLAINTIFF AND DEFENDANT THE CITY OF MAYAGÜEZ, WHERE THE LESSOR RESIDED, WAS DESIGNATED AS THE PLACE OF PAYMENT OF THE STIPULATED RENT.' " It is maintained in the second assignment that the court erred in holding that the parties herein had failed to designate the place of payment and that, such being the case, the payment should be made at the domicile of the lessee.

In our opinion the evidence was properly weighed by the district court.

It is a fact that no designation was made in the contract of the place of payment of the rent instalments. Therefore, the court properly applied that last provision of section 1139 of the Civil Code which says: "In any other case the place of payment shall be that of the domicile of the debtor."

It is contended that the contract may be supplemented by virtue of a custom established by the parties, and that in the present case the very evidence for the defendant showed that the city of Mayagüez had become designated as the place of payment.

Doubtless the jurisprudence has established that "a particular or general custom may be proved to vary the usual meaning of the language of the contract, or to import a term not expressed therein" (13 Corpus Juris 561), but we do not agree that the evidence introduced by the defendant has the effect claimed by the appellant.

For the convenience of the plaintiff and in the ordinary course of business the defendant, on receipt of the periodical demands from the plaintiff, mailed her to Mayagüez the checks drawn in San Juan against one of the San Juan banks in payment of the rent instalments. It can not be inferred from that fact that, by virtue of that practice, Mayagüez became designated as the place of payment, so that the defendant became irrevocably bound to pay the rent there. The place of payment, under the law, continued to be San Juan, the domicile of the debtor.

The third error assigned is a repetition of the second. In the fourth it is contended that the court erred in giving credence to, and in weighing, the testimony of the witnesses for the defendant, Martínez Domínguez and Arsenio Martínez.

The contradictions noted in the testimony of the former can be explained, and they are not sufficient to discredit his testimony generally. The testimony of both witnesses was, in our opinion, properly weighed by the court. Everything points to the conclusion that at the time of making the contract the best of relations existed between the parties, who trusted each other.

The fifth and last assignment raises a question, which has been considered by this court on a certain motion relating to the correction of the record, namely, that the trial court erred in rendering judgment without requiring the defendant to

introduce in evidence a copy of the articles of incorporation of the defendant corporation in order to determine the powers and duties of the assistant treasurer Comas.

Since it must be admitted that, regardless of what the powers and duties of Comas were, the so-called demand over the telephone from Ponce by the father-in-law of plaintiff in deviation of the established practice could not have the effect claimed by the appellant, the error is harmless.

In accordance with the contract, the law, the jurisprudence and the custom established by the parties, the payments were made in San Juan by mailing a check to Mayagüez, usually in response to letters from the plaintiff or her husband, and the defendant was justified in expecting, as it did, for a reasonable time that the same practice would be followed as regards the quarterly instalment which became due on June 1, 1928, and which gave rise to the complaint in unlawful detainer of June 3, 1928. Plaintiff did not reside or have any authorized agent in San Juan to receive this payment, nor did she ask defendant, in the customary manner, to make remittance thereof to her residence in Mayagüez.

The action herein may be explained by the admission made by counsel for the appellant in his brief, to the effect that he thought that the holding of this court in *López* v. *Central Vannina*, 26 P.R.R. 552 was still in force in this jurisdiction, whereas the fact is that that decision was reversed by another, rendered by the United States Circuit Court of Appeal for the First Circuit and reported in 259 Fed. Rep. 198.

In *López* v. *Central Vannina*, *supra*, this court had held, its then Chief Justice Hernández dissenting, that—

"When a contract of lease does not expressly specify the place of payment of the rent it must be concluded, pursuant to section 1139 of the Civil Code, that the place of payment is the domicile of the lessee. This does not mean that the lessee is not obliged to make payment until demand therefor has been made upon him by the lessor. His obligation is independent and should be performed without requiring any action on the part of the other contracting

party, having recourse if necessary to the means of deposit provided for and regulated by law.''

The Circuit Court of Appeals, in reversing our judgment, held as follows:

"The obligation to pay rent at the tenant's domicile, imposed by Civ. Code Porto Rico, sec. 1139, when the place of payment is not specified in the lease, is subject to the implied condition that the landlord, either in person or by agent, is present to receive payment, and where the landlord or agent is not present to receive payment, the tenant is not obligated to deposit the rental in court, under the provisions of section 1144 et seq." *Central Vannina* v. *López,* 259 Fed. Rep. 198.

The judgment appealed from must be affirmed.